IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MEG FRAMPTON, an individual, | § |
| | § Case No. 1:23-cv-001490 |
| *Plaintiff*, | § |
| | § |
| v. | § PLAINTIFF'S COMPLAINT FOR |
| | § COPYRIGHT INFRINGEMENT |
| HOBBY LOBBY STORES, INC., an | § |
| Oklahoma corporation, and DOES 1 through 10, | § |
| | § Jury Trial Demanded |
| *Defendants*. | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Meg Frampton, by and through her undersigned attorney, hereby prays to this honorable Court for relief based on the following:

### I.   JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

### II.   PARTIES

4. Plaintiff Meg Frampton ("Ms. Frampton") is an individual residing in Austin, Texas.

5. Defendant Hobby Lobby Stores, Inc. ("Hobby Lobby") is a corporation organized and existing under the laws of the state of Oklahoma, with its principal place of business located at 7707 S.W. 44th Street, Oklahoma City, OK 73179. Hobby Lobby is registered to do business in Texas and operates numerous retail locations throughout the greater Austin area. Hobby Lobby

may be served with summons on its registered agent Corporation Service Company DBA CSC – Lawyers INCO at 211 E. 7th Street, Suite 620, Austin, TX, 78701.

6.Defendants DOES 1 through 10, inclusive, are other parties not yet identified who infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7.At all times relevant hereto, each Defendant was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

### III.CAUSE OF ACTION

**Copyright Infringement – Against All Defendants**

8.Ms. Frampton created and owns an original sculptural work of art, entitled "Super Hero Roboto Pendant," that was registered with the U.S. Copyright Office under U.S. Copyright Reg. No. VA0002346574 (the "Subject Design"). Ms. Frampton is the sole owner of the exclusive rights in the Subject Design, which is displayed below:



9.      Following Ms. Frampton's publication and display of the Subject Design, each Defendant purchased, distributed, advertised, and/or sold pendants featuring designs which are substantially similar, if not virtually identical, to the Subject Design without Ms. Frampton's authorization, including a product sold by Hobby Lobby under the brand label "Metal Gallery" and product SKU 1416254 (the "<u>Offending Product</u>"). A screen capture of the Offending Product is provided below:



10.     The Offending Product is a mirror image of a substantial portion of the Subject Design. For example, both feature a virtually identical rectangle shaped head with infinity shaped

eyes, heart shaped symbol on bottom-right abdomen with scrapes, and medium length cape with bow-tie.

11. Ms. Frampton alleges that Defendants had access to the Subject Design through Ms. Frampton's website or social media accounts or as a result of her prior sales and marketing efforts to customers through her jewelry store and website and that each Defendant infringed Ms. Frampton's copyright by creating derivative works from the Subject Design without authorization and distributing them to the public.

12. Due to Defendants' acts of infringement, Ms. Frampton suffered damages in an amount to be established at trial, and Defendants obtained profits they would not have realized but for their infringement of Ms. Frampton's rights in the Subject Design. As such, Ms. Frampton is entitled to disgorgement of Defendants' profits attributable to the infringement of Ms. Frampton's rights in the Subject Design in an amount to be established at trial. Ms. Frampton further alleges that Defendants committed copyright infringement with actual knowledge or reckless disregard of Ms. Frampton's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional, and malicious.

13. Prior to filing this action, Ms. Frampton's counsel sent a letter to Hobby Lobby to advise them of the copyright infringement claim at issue, request that they cease and desist from the unauthorized use of the Subject Design, and attempt to resolve the matter without the need for litigation. As of the date of this filing, Hobby Lobby has not responded to that letter or ceased the unauthorized use of the Subject Design—the Offending Product is still listed for sale on its website.

### IV.   JURY DEMAND

14. Plaintiff demands a jury trial on all issues so triable pursuant to FED. R. CIV. P. 38 and the 7th Amendment to the United States Constitution.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, each of them, their respective agents and employees, and/or anyone working directly or indirectly for or in concert with Defendants or their agents or employees, be enjoined from using the Subject Design in any manner that infringes Plaintiff's copyright in the Subject Design, including selling the Offending Product;

b. That Plaintiff be awarded all Defendants' profits, plus all Plaintiff's losses, attributable to Defendants' infringement of Plaintiff's copyright in the Subject Design, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

c. That Plaintiff be awarded her attorneys' fees as available under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Dated: December 7, 2023

Respectfully Submitted,

By: _____

Robert A. Cherry, Esq.
State Bar No. 24103780
**DONIGER /BURROUGHS**
2900 S. Congress Ave, #101
Austin, Texas 78704
Telephone: (512) 856-4319
Email: rcherry@donigerlawfirm.com

*Attorney for Plaintiff*